# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LISA PASQUALUCCI,
    *Plaintiff*,

v.

HON. DAVID SHERIDAN *et al.*,
    *Defendants*.

No. 3:20-cv-00245 (JAM)

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Lisa Pasqualucci has filed an incomprehensible complaint against Judge David Sheridan (a Connecticut Superior Court judge), Judge Robert Randich (a Connecticut state probate judge), Rose Marie Arma, and Johnny Knoxville. Pasqualucci appears to have objected to Judge Sheridan's denial of her fee waiver request for a Connecticut Superior Court action. *See In re Lisa Pasqualucci*, 2019 WL 7811380 (Conn. Super. Ct. 2019). The alleged misdeeds of the remaining defendants are unclear.

In the section of the complaint form where a plaintiff is asked to set out the cause of action, Pasqualucci has instead listed the names of scores of different persons and entities without any specific facts to show what they did to injure her. Even affording the complaint (Doc. #1) and Pasqualucci's supplemental submission (Doc. #7) a liberal interpretation, as is required for a litigant who is proceeding *pro se*, it is clear that Pasqualucci does not allege sufficient facts to give rise to plausible grounds for relief.

Ordinarily, I would enter an order to show cause to give Pasqualucci an opportunity to explain why the action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (which provides that when, as here, a plaintiff files *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). But Pasqualucci has filed four other federal lawsuits in the past two

years suffering from precisely the infirmities that plague her latest complaint.[1] None of my prior orders to show cause led to a coherent response; two of my recent orders to show cause in prior suits (*Global Satellite* and *FCC II*) yielded no response at all, and there is no reason to suppose that a different response would be forthcoming now. This suit will be dismissed forthwith.

It appears that these prior actions may only be the federal tip of a much larger iceberg of incoherent state lawsuits. *See In re Lisa Pasqualucci*, 2019 WL 7811380, at *1 (describing pattern of prior frivolous state court filings). "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process," and "[t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). If Pasqualucci continues to file patently meritless and incoherent complaints in federal court, the Court may enter an order requiring Pasqualucci to show cause why the Court should not impose sanctions including but not limited to a bar on filing subsequent proceedings and papers in the District of Connecticut without the express permission of the Court. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

The Court dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Pasqualucci's motion for *in forma pauperis* status, Doc. #2, is DENIED AS MOOT. The Clerk of the Court shall close this case. It is so ordered.

Dated at New Haven this 24th day of February 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] *See Pasqualucci v. FCC*, No. 3:19-cv-00582-SRU (D. Conn. 2019) ("*FCC I*") (dismissed for incoherence, June 14, 2019); *Pasqualucci v. Global Satellite Computer Systems Operators*, No. 3:19-cv-01005-JAM (D. Conn. 2019) (same, Dec. 30, 2019); *Pasqualucci v. Seuffert*, No. 3:19-cv-01940-JAM (D. Conn. 2019) (same, Dec. 30, 2019); *Pasqualucci v. FCC*, No. 3:19-cv-01984-JAM (D. Conn. 2020) ("*FCC II*") (same, Feb. 24, 2020).